Matter of Haoxuan X. (Chen Xu) (2021 NY Slip Op 05316)





Matter of Haoxuan X. (Chen Xu)


2021 NY Slip Op 05316


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Docket No. NN-3353/19 Appeal No. 14285 Case No. 2020-03583 

[*1]In the Matter of Haoxuan X., a Child Under Eighteen Years of Age, etc., Chen Xu, Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Chen Xu, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 24, 2020, which, to the extent appealed from as limited by the briefs, denied respondent mother's order to show cause seeking to terminate the subject child's foster care placement pursuant to Family Court Act § 1062 and to dismiss the neglect petition pursuant to Family Court Act § 1051(c), unanimously affirmed, without costs.
Respondent mother failed to show good cause for vacating the order remanding the child to the care of the Administration for Children's Services (see Matter of Frankie S. [Katiria Y.], 155 AD3d 559, 559 [1st Dept 2017]; Matter of Aaliyah T. [Sheena A.D.], 177 AD3d 748, 750 [2d Dept 2019]). Her application for the return of the child pursuant to Family Court Act § 1028 was denied following a hearing at which evidence was presented that she repeatedly sought invasive, unnecessary medical care for the child, despite being advised by doctors that the child was a well child. Since then, respondent mother has refused to engage in any services, has behaved inappropriately and violently during visits, and has expressed her intention to continue to seek invasive and unnecessary medical care for the child if the child were returned to her care.
Respondent mother's motion to dismiss the neglect petition pursuant to Family Court Act § 1051(c) was premature, and the evidence does not support a finding that the agency will be unable to meet its burden. "[T]he dangers the mother posed to the child had not passed and thus the court's continued aid was required" (Matter of Naomi S. [Hadar S.], 87 AD3d 936, 937 [1st Dept 2011], lv denied 18 NY3d 804, 18 NY3d 805 [2012]).
We have considered respondent mother's remaining arguments, to the extent preserved, and find them unavailing.
Interim stay of a hearing pending this appeal, granted by a justice of this Court on August 12, 2021, is vacated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021